UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASTO BOGOJEVSKI,

    Plaintiff,

v.                                                                                                  Case No. 15-13760

NANCY A. BERRYHILL, Acting Commissioner
of Social Security Administration

    Defendant.
                                                  /

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING SUMMARY JUDGMENT**

Plaintiff Nasto Bogojevski brings this action under 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits and Social Security Income under the Social Security Act. Both parties filed motions for summary judgment, which the court referred to Magistrate Judge Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is the magistrate judge's report and recommendation advising the court to grant Defendant's motion and deny Plaintiff's motion. (Dkt. # 17.) Plaintiff has filed his objections to the report and recommendation (Dkt. # 18), to which Defendant has responded (Dkt. # 19). For the reasons that follow, the court will overrule Plaintiff's objections, adopt the report and recommendation, and grant Defendant's motion for summary judgment.

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de*

*novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

The magistrate judge appropriately reviewed the decisions of the administrative law judge ("ALJ") for whether they were supported by "substantial evidence" pursuant to 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance—it is

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The "substantial evidence" standard is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secreatary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). This court reviews *de novo* the objected-to portion of the magistrate judge's substantial evidence review.

Plaintiff objects to the magistrate judge upholding the decision of the administrative law judge ("ALJ") not to credit the testimony of Dr. Qadir and not to credit Dr. Shah's conclusion that Plaintiff experienced "severe functional impairment" related to his work abilities. (Dkt. # 18.) The ALJ determined that Dr. Qadir's conclusions were "inconsistent with the remaining evidence," noting that the September, 2009 findings were completed within a year of the alleged onset of disability and that the consultative source did not have the benefit of records showing that Plaintiff's psychological condition subsequently improved with treatment and medication. (*See* Dkt. # 17, Pg. ID 693.) The ALJ also noted that Dr. Qadir found Plaintiff "might not be able to perform simple work," not that he was definitely incapable of it. (*Id.*) The ALJ afforded no weight to Dr. Shah's conclusion of "moderate to severe functional impairment" after concluding that his conclusion was "internally inconsistent" with the remainder of Dr. Shah's findings. (*Id.*)

In finding that the ALJ's determinations were supported by substantial evidence, the magistrate judge reasoned as follows:

> Plaintiff's argument that the ALJ erred by declining to give controlling weight to these sources is unavailing for multiple reasons. First, neither Dr. Qadir nor Dr. Shah is a treating source. As such, the ALJ did not err in declining to credit their opinions. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)(non-treating medical opinions entitled to "no special degree of deference"). Second, the ALJ's rejection of Dr. Qadir's opinion and the partial adoption of Dr. Shah's opinion is supported by the remainder of the transcript. The ALJ noted that Dr. Qadir's opinion stood at odds with Dr. Khademian's opinion from the following month that Plaintiff had "good contact with reality, normal memory, hygiene, and concentration" and was capable of simple work activity. The ALJ noted that Dr. Shah's finding of possibly disabling work-related psychological limitations was undermined by Dr. Boneff's finding from the same month that Plaintiff exaggerated his psychological and cognitive limitations. Although Plaintiff cites the September 24, 2013 Appeals Council remand order stating that ALJ Blum failed to provide a rationale for the finding that Dr. Shah's findings were "internally inconsistent," the remand order did not require ALJ Christensen to adopt Dr. Shah's report. Notably, on September 18, 2015, the Appeals Council did not find error in ALJ Christensen's discussion or conclusions regarding Dr. Shah's findings.

(Dkt. # 17, Pg. ID 693-94 (record citations omitted).)

Plaintiff does not dispute the magistrate judge's reasoning that Drs. Qadir and Shah are not treating sources, and therefore are not entitled to any special degree of deference relative to the other testimony. Neither does Plaintiff challenge the opinion of Dr. Khademian from the following month that Plaintiff was capable of simple work activity. Instead, Plaintiff argues that Dr. Boneff and Dr. Czarnecki's report was "internally inconsistent" and that Dr. Qadir's findings should have been included in the hypothetical question submitted to the vocational expert.

First, Plaintiff asserts that the Boneff and Czarnecki report is internally inconsistent because the psychologists stated that Plaintiff was not "evidencing any significant psychiatric symptoms, major depression, disturbance of thought or problems

4

with concentration and attention . . . that would interfere with his ability to do work related (sic) activities at a sustained pace[,]" while also noting that Plaintiff "took 2 or 3 minutes to answer simple questions and he almost always asked the examiner to repeat the question several times." (Dkt. # 8-7, Pg. ID 527-29.) Plaintiff argues that his difficulty in responding to questions "was due to his emotional condition rather than exaggeration." (Dkt. # 18, Pg. ID 706.) However, that Plaintiff asserts he had difficulty concentrating does not render the report "internally inconsistent," it simply disputes Boneff and Czarnecki's opinion that Plaintiff tended to exaggerate his symptoms.

Plaintiff's argument that the hypothetical submitted to the vocational expert should have included Dr. Qadir's findings of Plaintiff's various symptoms is similarly unavailing. As the magistrate judge explained, Dr. Qadir was not Plaintiff's treating physician and was contradicted by both Dr. Khademian and Drs. Boneff and Czarnecki. The ALJ also pointed out that Plaintiff's condition improved with medication and that Plaintiff displayed an appropriate mood and affect during subsequent group therapy and regularly maintained appropriate hygiene, grooming, speech, and thought content during interactions with professionals. (*See* Dkt. # 8-2, Pg. ID 70.) As the ALJ explained, the evidence supporting disability is overwhelmingly based on Plaintiff's self-reported, subjective complaints and the observations of others are largely unremarkable. (*Id.* at Pg. ID 71.)

The court, like the magistrate judge, recognizes that Plaintiff has endured a long, taxing administrative process even before bringing this action. However, based on the record before it, the court cannot conclude that the ALJ's determination is one made without "such relevant evidence as a reasonable mind might accept as adequate" to

support it. *Heston*, 245 F.3d at 534. The court has read the report and recommendation and finds that it is well-reasoned, thorough, and correct. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 18) are OVERRULED. The magistrate judge's Report and Recommendation (Dkt. # 17) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (Dkt. # 16) is GRANTED. Plaintiff's motion for summary judgment (Dkt. # 10) is DENIED.

                                                 s/Robert H. Cleland           /
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

Dated: March 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2017, by electronic and/or ordinary mail.

                                                 s/Shawna C. Burns           /
                                                 Case Manager Generalist
                                                 (810) 292-6522

S:\Cleland\TLH\Civil\15-13760.BOGOJEVSKI.adopt.R&R.summary.judgment.TLH.docx